

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Qiana Smith-Williams**<br>*Assistant Corporation Counsel*<br>qwilliam@law.nyc.gov<br>(212) 788-1580<br>(212) 788-9776 (fax) |

March 16, 2011

**BY ECF**
Honorable Joan Azrack
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   James Hill v. City of New York, et al.,
                  10 CV 4981 (ARR)(JMA)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter. For the reasons set forth below, defendant City writes to respectfully request that plaintiff's subpoenas directed to Mona Seghal and Robert LiMandri, wherein plaintiff seeks to obtain, *inter alia*, videotape footage obtained from a camera affixed to 425 East 26th Street, Brooklyn, New York, be quashed.[1]

*Correspondence Between Parties Regarding Subpoena*

      Plaintiff's counsel, Raymond Audain, Esq., contacted the undersigned by phone on March 7, 2011, inquiring as to whether plaintiff could serve a subpoena directly upon the New York City Department of Buildings ("DOB") or whether such subpoena should be served on this office. Mr. Audain indicated that plaintiff was seeking videotape footage taken by a camera affixed to a building located in the vicinity of where plaintiff was arrested. I informed Mr. Audain that I was unsure as to whether this office represents DOB, and accordingly, I would

---

[1] Plaintiff also attempted to serve Joseph Palmieri with a subpoena seeking the same videotape, however, service of said subpoena is defective since it was served at the wrong address.

have to look into the matter before providing plaintiff with an answer. By e-mail dated March 9, 2011, I informed plaintiff that this office would accept service of the subpoena on behalf of DOB, however, expressed concern that plaintiff might not be subpoenaing the correct agency. In response, plaintiff provided the undersigned with the address of the subject building and asked whether this office knew who managed the building. Nonetheless, before defendant could respond to plaintiff, on the morning of March 10, 2011, plaintiff served subpoenas on Mona Seghal and Robert LiMandri at DOB demanding the production of all video and surveillance recordings taken by a camera affixed to 425 East 26th Street, Brooklyn, New York 11226, on September 5, 2010, between 1:00 a.m. and 4:00 a.m., by March 18, 2011.

Thereafter, by letter dated March 11, 2011, defendant requested that plaintiff withdraw the subpoenas served on DOB, and informed plaintiff's counsel that, since the subject building was neither owned nor managed by any City agency, DOB would not be in possession of any documentation responsive to the subpoenas. Subsequently, during a conversation on March 15, 2011, the undersigned again informed plaintiff that defendant City did not own or manage the subject property, and that a public search revealed that the property was owned by 425 East 26th Street Owners Corp. The undersigned further informed plaintiff that defendant would provide an affidavit from DOB attesting to the fact that it was not in possession of any material responsive to the subpoenas. Mr. Audain indicated that plaintiff would accept an affidavit. Thereafter, the undersigned e-mailed Mr. Audain to confirm that plaintiff would withdraw the subpoenas in light of defendant's agreement to provide an affidavit. In response, plaintiff refused to withdraw the subpoenas without first reviewing the affidavit.

### *The Subpoenas Should Be Quashed Because They Are Moot*

The Court has broad discretion to structure discovery. See SEC v. Rajaratnam, 622 F.3d 159, 181 (2d Cir. 2010) (quoting In Re: Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003)) ("[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds."). Here, defendant requests that the Court exercise its discretion and quash the subpoena since DOB is not in possession of the information plaintiff seeks.

As defendant previously informed plaintiff, defendant City does not own nor manage the property located at 425 East 26th Street, Brooklyn, New York. In fact, a public search, of copy of which is attached hereto, indicates that the property is owned by 425 East 26th Street Owners Corp. To that end, it would seem unjust to require DOB to comply with the subpoena in light of the fact that had plaintiff conducted a search prior to serving the subpoenas, he would have easily learned the correct party upon which to serve a subpoena. Nevertheless, any concerns by plaintiff that DOB *might* be in possession of the requested video material should be alleviated by DOB's agreement to produce an affidavit. Accordingly, defendant City respectfully requests that the Court quash the subpoenas, which are moot since DOB does not possess any responsive material and an affidavit to this effect will be produced to plaintiff forthwith.

*Failure to Provide Adequate Time to Comply Under FRCP 45*

The subpoenas should also be quashed, or at the very least modified, since plaintiff failed to provide DOB with adequate time to comply with the subpoenas. Pursuant to F.R.C.P. 45(c)(3)(A)(1) the Court must quash or modify a subpoena that fails to provide a reasonable amount of time for compliance. Courts in this Circuit have deemed 14 days from service as a presumptively reasonable amount of time for compliance. See In re Rule 45 Subpoena Issued to Cablevision Systems Corp., MISC 08-347, 2010 U.S. Dist. LEXIS 40653, *18 - *19 (E.D.N.Y. Feb. 5, 2010) (subpoena providing seven days for compliance unreasonable); Brown v. Hendler, 09 CV 4486, 2011 U.S. Dist LEXIS 9476, *5 - *6 (S.D.N.Y. Jan. 31, 2011) (subpoena providing only nine days for compliance quashed). Subpoenas have been quashed where an issuing party has provided less than 14 days for compliance. See In re Cablevision, 2010 U.S. Dist. LEXIS 40653; Hendler, 2011 U.S. Dist LEXIS 9476.

Here, plaintiff's subpoenas demand compliance within eight calendar days, or alternatively six business days. It is wholly unreasonable to expect DOB to have performed a search of their records and, either copy and produce the requested video and/or surveillance recordings, or else provide an appropriate affidavit regarding the lack of responsive material within approximately one week. Accordingly, the Court should quash plaintiff's subpoenas since the time provided for compliance is unreasonable.

*Conclusion*

Based on the foregoing, defendant City respectfully requests that the subpoenas served on Mona Seghal and Robert LiMandri be quashed for plaintiff's failure to comply with Rule 45, and also, because the Department of Buildings does not have the video footage sought in the subpoena.

Thank you for your consideration herein.

Respectfully submitted,

Qiana Smith-Williams (QS 2172)
Assistant Corporation Counsel

cc:   Kenneth Thompson, Esq. (By ECF)

**New York City Department of Finance**
**Office of the City Register**

HELP
[Click help for additional instructions]
Selecting a help option will open new window

| Current Search Criteria: |
|---|
| **Borough:** BROOKLYN / KINGS |
| **Block:** 5213 |
| **Lot:** 24 |
| **Date Range:** To Current Date |
| **Document Class:** All Document Classes |

# Search Results By Parcel Identifier

Records 1 - 10 << previous   next >>   Max Rows 10   [Search Options] [New BBL Search] [Edit Current Search] [View Tax Map] [**Print Index**]

| View | Reel/Pg/File | CRFN | Lot | Partial | Recorded / Filed | Document Type | Pages | Party1 | Party2 | Party 3/Other | More Party 1/2 Names | Corrected/ Remarks | Doc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DET IMG | | 2010000174196 | 24 | PARTIAL LOT | 5/25/2010 11:25:54 AM | INITIAL UCC1 | 3 | 425 EAST 26TH STREET OWNERS CORP. | FANNIE MAE | | | | 0 |
| DET IMG | | 2010000028577 | 24 | ENTIRE LOT | 1/26/2010 3:59:10 PM | INITIAL COOP UCC1 | 3 | MORENO, LOUIS | JP MORGAN CHASE BANK NA | | | | 0 |
| DET IMG | | 2008000031432 | 24 | ENTIRE LOT | 1/23/2008 4:52:30 PM | BOTH RPTT AND RETT | 1 | PLOTCH, BATIA | MORENO, LOUIS D | | | | 199,000 |
| DET IMG | | 2008000022259 | 24 | ENTIRE LOT | 1/17/2008 8:32:19 AM | UCC3 TERMINATION | 2 | ELDER, LORRAINE C | FLEET NATIONAL BANK | | | | 0 |
| DET IMG | | 2007000618997 | 24 | ENTIRE LOT | 12/19/2007 12:00:25 PM | INITIAL COOP UCC1 | 3 | MORENO, LOUIS D | JPMORGAN CHASE BANK, N.A. | | | | 0 |
| DET IMG | | 2006000596293 | 24 | | 10/25/2006 11:59:27 AM | INITIAL COOP UCC1 | 4 | CASTLE, ANTHONY | WELLS FARGO BANK NA | | ✓ | | 0 |
| DET IMG | | 2006000361418 | 24 | ENTIRE LOT | 6/30/2006 3:11:20 PM | UCC COOPERATIVE ADDENDUM | 2 | ALLEYNE, MARIA | THE DIME SAVINGS BANK OF NY, FSB | | | | 0 |
| DET IMG | | 2006000326139 | 24 | PARTIAL LOT | 6/9/2006 3:27:40 PM | BOTH RPTT AND RETT | 1 | ORTIZ, NAOMI | SARKAR, KIRAN CHANDRA | | | | 63,000 |
| DET IMG | | 2006000303593 | 24 | | 6/1/2006 12:24:10 PM | UCC3 TERMINATION | 3 | ORTIZ, NAOMI | WASHINGTON MUTUAL BANK, FA | | ✓ | | 0 |
| DET IMG | | 2005000534066 | 24 | ENTIRE LOT | 9/23/2005 10:33:57 AM | UCC3 TERMINATION | 2 | COLES, JOHNNEY M | CHEMICAL BANK | | | | 0 |

[ Search Options ]   [ New Parcel Identifier Search ]   [ Edit Current Search ]   [ View Tax Map ]

New York City Department of Finance
Office of the City Register

# Detailed Document Information


[Click help for additional instructions]
Selecting a help option will open new window

**Current Search Criteria:**
Borough: BROOKLYN / KINGS
Block: 5213
Lot: 24
Date Range: To Current Date
Document Class:

| DOCUMENT ID: | 2010052000423001 | CRFN: | 2010000174196 | COLLATERAL: | FIXTURE FILING |
|---|---|---|---|---|---|
| # of PAGES: | 3 | REEL-PAGE: | N/A-N/A | EXPIRATION DATE: | 5/25/2015 |
| DOC. TYPE: | INITIAL UCC1 | FILE NUMBER: | N/A | ASSESSMENT DATE: | N/A |
| DOC. DATE: | 5/20/2010 | RECORDED / FILED: | 5/25/2010 11:25:54 AM | SLID #: | N/A |
| DOC. AMOUNT: | $0.00 | BOROUGH: | BROOKLYN | | |
| % TRANSFERRED: | N/A | RPTT #: | N/A | MAP SEQUENCE #: | N/A |
| MESSAGE: | N/A | | | | |

**PARTY 1**

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|
| 425 EAST 26TH STREET OWNERS CORP | 166 MONTAGUE STREET | | BROOKLYN | NY | 11201 | US |

**PARTY 2**

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|
| FANNIE MAE | 3900 WISCONSIN AVENUE | | WASHINGTON | DC | 20016 | US |

**PARTY 3/Other**

| NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | ZIP | COUNTRY |
|---|---|---|---|---|---|---|
| | | | | | | |

**PARCELS**

| BOROUGH | BLOCK | LOT | PARTIAL | PROPERTY TYPE | EASEMENT | AIR RIGHTS | SUBTERRANEAN RIGHTS | PROPERTY ADDRESS | UNIT | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|
| BROOKLYN / KINGS | 5213 | 24 | PARTIAL LOT | APARTMENT BUILDING | N | N | N | 425 EAST 26TH STREET | | |



| REFERENCES | | | | | | | CHAIN | REMARKS |
|---|---|---|---|---|---|---|---|---|
| CRFN | DOCUMENT ID | BOROUGH | YEAR | REEL | PAGE | FILE NBR | | |

Print | View Document | Search Results | Search Options | Main Options

Go To   Finance Home Page | NYC.gov Home Page | Contact NYC.gov | FAQs | Privacy Statement | Site Map