

THE CITY OF NEW YORK

# LAW DEPARTMENT

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

Qiana Smith-Williams
*Assistant Corporation Counsel*
qwilliam@law.nyc.gov
(212) 788-1580
(212) 788-9776 (fax)

April 28, 2011

**BY ECF**
Honorable Joan M. Azrack
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<div style="margin-left:2em">

Re:   James Hill v. City of New York, et al.,
        10 CV 4981 (ARR)(JMA)

</div>

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter.  Defendant writes pursuant to Local Rule 37.3, to respectfully request that Your Honor schedule a conference to address plaintiff's Second and Third Set of Requests for the Production of Documents, and furthermore, that defendant be relieved of its obligation to respond to said discovery pending Court resolution of the appropriateness of said discovery requests.[1]

  As Your Honor is aware, here, plaintiff alleges, among other things, that he was falsely arrested and subjected to excessive force as a result of an encounter with unknown New York City Police Department officers on September 5, 2010.  A telephone status conference concerning discovery was held on February 10, 2011.  At the conclusion of the conference, Your Honor instructed plaintiff to serve defendants with discovery requests, and directed defendants to review the requests and to respond to the requests to the extent that defendants could respond.  See Civil Court Docket Entry No. 9.  Thereafter, plaintiff served defendant City of New York with interrogatories and ninety-eight (98) document requests dated February 18, 2011.  Plaintiff further served defendant with Requests for Admissions on or about March 11, 2011.  Despite defendant's belief that plaintiff's discovery requests were far more broad than the Court

---

[1] Defendants initially sought plaintiff's agreement to consent to a two-week enlargement of time for defendants to respond to discovery, however, plaintiff would only consent to a four-day enlargement.

envisioned when allowing plaintiff to serve the requests, in an effort to be as accommodating as possible, defendant served its responses and objections on March 18, 2011.   Additionally, defendant responded to the Requests for Admissions on April 25, 2011.[2]

The Court held another discovery status conference on March 22, 2011.   During the conference, plaintiff advised the Court that plaintiff did not believe that defendants had provided all of the documents responsive to his discovery requests.   The Court advised plaintiff that defendants were instructed to provide all of the NYPD documents concerning the alleged incident.   Defendant assured the Court that all such documents in the City's possession had been provided to plaintiff.   Plaintiff, however, requested that defendant be ordered to produce the Internal Affairs Bureau ("IAB") documents and sought permission to serve twenty-five additional interrogatories.   The Court ordered production of certain IAB documents *in camera* and allowed plaintiff to serve fifteen additional interrogatories.   Plaintiff served defendant with additional interrogatories on or about March 25, 2011, however, without prior notice to the Court, plaintiff also served defendant with a Second Request for the Production of Documents, totaling sixty (60) requests.   See the Requests attached hereto as Exhibit A.   Moreover, on or about March 28, 2011, plaintiff served defendant with a Third Request for the Production of Documents, totaling an additional six requests.   See the Requests attached hereto as Exhibit B.

During a telephone conversation with plaintiff's counsel on April 26, 2011, defendant informed plaintiff's counsel that the subsequent requests were largely irrelevant, and that there seemed to be no basis for many of the requests.   Defendants further reminded plaintiff that the Court had been closely monitoring the discovery to date, and that it was highly unlikely that the Court would have anticipated that plaintiff would serve almost an additional seventy document requests after plaintiff's extremely broad first set of discovery demands.   Plaintiff, in response, stated that the appropriate manner in which to address said requests would be to serve plaintiff with written objections and responses to the requests.   However, being that defendants are objecting to responding to the requests, this did not appear to be a viable solution, accordingly, defendants are seeking Court intervention.

Defendant City submits that the majority of plaintiff's subsequent document requests are overbroad and irrelevant to plaintiff's claim.   For example, Document Request No.1, in plaintiff's third set of demands, requests "All documents and/or Electronically Stored Information showing the names of every one of the members of the NYPD who responded to the 10-13 broadcasted over division and city-wide radio frequencies requesting immediate assistance to 426 East 26th Street on September 5, 2010."   See Exhibit B, page 8.   As an initial matter, plaintiff at the initial conference, and in the complaint, maintained that plaintiff was not arrested outside of 426 East 26th Street, Brooklyn, New York.   Further, based on previous documents produced in this litigation, it is estimated that over 120 police officers responded to the incident at that location.   Plaintiff cannot possibly mean to suggest that over one hundred officers have knowledge of an arrest that occurred some distance from the central location to which they responded.   Nonetheless, assuming, for arguments sake, that such information was produced, defendant can only assume that plaintiff intends to move to depose these, at least, 120 officers in

---

[2] Plaintiff agreed to a two-week enlargement of time for defendant to respond to the Requests for Admissions.

order to ascertain whether they are in possession of any relevant information. Defendant would have to engage in a significant investigation in order to obtain the information plaintiff is seeking. In light of the fact that such information is unlikely to yield any significant information bearing on plaintiff's allegations that he was subjected to excessive force, it would be unduly burdensome for defendants to conduct such an investigation.[3]

The Court is also directed to plaintiff's second set of requests, which requests all memo book entries, front and back, for several NYPD officers for September 5, 2010, whether or not such entries pertain to plaintiff. Additionally, pursuant to Document Request Nos. 54 and 55, plaintiff requests all documents concerning the injuries sustained by Officer Jarrett Dill on September 5, 2010, as well as all documents concerning him being struck by a chair. See Exhibit A, page 15. Plaintiff is not alleging that Officer Dill was involved in the alleged incident involving him and any documents relating to his injuries, which include medical records protected by HIPAA, are patently irrelevant to plaintiff's false arrest and excessive force claims. Plaintiff is also requesting "All video surveillance showing the front/desk and/or any areas near the front desk of the 67th Precinct between the hours of 12:00 a.m. and 8:00 a.m. on September 5, 2010." See Exhibit A, page 15, Request No. 58. Plaintiff is not alleging that he was subjected to excessive force at the 67th Precinct and defendant does not deny that plaintiff was at the 67th Precinct on September 5, 2010, thus, there seems to be no basis for this request.

Plaintiff's second and third discovery requests, which are burdensome and overbroad, are a perfect example of why the Court has remained significantly involved in the discovery process to date. Defendant respectfully requests that Your Honor schedule a discovery conference in order to address plaintiff's discovery requests. Defendant also respectfully requests to be relieved of its obligation to respond to such requests pending Court resolution.

Thank you for your consideration of this request.

Respectfully submitted,

/s/

Qiana Smith-Williams (QS 2172)
Assistant Corporation Counsel

cc:     Kenneth Thompson, Esq. (By ECF)

---

[3] Both the Civilian Complaint Review Board and the Internal Affairs Bureau are currently conducting an investigation into this incident that occurred in the vicinity of 426 E. 26th Street. Under these circumstances, a third investigation by the Office of Corporation Counsel would be a waste of City resources and unproductive. Accordingly, defendant renews its application for a stay of discovery in this matter pending resolution of these investigations. Plaintiff would not be prejudiced should the Court grant this request, since the statute of limitations is not set to expire until 2013. Moreover, the Court previously granted plaintiff's request for an extension of time to amend the complaint to name the "John Doe" officers until after the IAB investigation is completed.

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JAMES HILL,                                                       :
                                                                 :
                              Plaintiff,                          :
                                                                 :
        -against-                                                 :
                                                                 :          10 Civ. 4981 (ARR) (JMA)
THE CITY OF NEW YORK, DEPUTY INSPECTOR                            :
COREY PEGUES, NEW YORK CITY POLICE                               :
OFFICERS JOHN DOES 1 through 5, and                              :
SUPERVISORY POLICE OFFICER JOHN DOE 6,                            :
Individually and in their Official Capacities,                    :
                                                                 :
                              Defendants.                         :
                                                                 :
------------------------------------------------------------------ X

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the Eastern District of New York ("Local Civil Rules"),

Plaintiff James Hill ("Plaintiff") hereby requests that Defendants the City of New York, Deputy

Inspector Corey Pegues, New York City Police Officers John Does 1 through 5, and Supervisory

Police Officer John Doe 6 (all together, "Defendants"), produce copies of any and all documents

in their possession, custody or control as requested herein to the offices of Thompson Wigdor &

Gilly LLP, 85 Fifth Avenue, 5th Floor, New York, New York 10003.  Defendants' responses to

Plaintiff's First Request for Production of Documents and Electronically Stored Information

("Requests") are due within thirty (30) days of the service of these Requests upon Defendants.

These Requests should be read, interpreted and responded to in accordance with the instructions

and definitions set forth below as well as the Federal Rules of Civil Procedure and the Local
Civil Rules.

## INSTRUCTIONS

1.   The Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 are
incorporated by reference herein.

2.   The rules and instructions concerning assertions of claims of privilege as set forth in
Local Rule 26.2 are incorporated by reference herein.

3.   The following Requests constitute a continuing demand for production to the fullest
extent permitted by law.  Accordingly, if at some point after the service of these Requests,
Defendants or anyone acting on their behalf obtain or become aware of additional documents
and/or electronically stored information pertaining to any of the Requests herein, or a document
and/or electronically stored information is located or is created which is responsive to one of the
Requests herein, these Requests are to be interpreted as requiring production of that document
and/or electronically stored information and Defendants are required to provide such documents
and/or electronically stored information by way of supplemental responses.  Such supplemental
responses are to be served upon Plaintiff within twenty (20) days after Defendants become aware
of such documents and/or electronically stored information.

4.   In responding to these Requests, Defendants must furnish all documents and/or
electronically stored information which are available, including documents and/or electronically
stored information in the possession, custody or control of Defendants' attorneys or investigators
or anyone else acting for or on behalf of Defendants, and not merely those documents and/or
electronically stored information held by Defendants. If Defendants are unaware of the existence
of any documents and/or electronically stored information responsive to a request, Defendants

2

should expressly so indicate, answer to the extent possible and identify any person(s) who may have additional knowledge or information to complete the response.

5.  If Defendants have in their possession, custody or control any of the originals of the documents requested, then the originals and all non-identical copies should be produced; if Defendants do not have in their possession, custody or control any of the originals, all non-identical copies of each original should be produced.

6.  If any documents and/or electronically stored information are withheld on grounds of privilege, or contain material that is claimed to constitute attorney work product or attorney-client privileged information, Defendants should provide a statement signed and verified by Defendants' attorneys which sets forth as to each such document and/or electronically stored information a sufficient description to enable the Court to rule on the validity of the claim of privilege, including at least the following information:

      (a)    the name and address of the person(s) who possess or control the document and/or electronically stored information and each copy of thereof;

      (b)    the name of the author or creator of the document and/or electronically stored information;

      (c)    the name of the sender of the document and/or electronically stored information if different from the author, preparer or creator and the name of the person(s) to whom copies were sent or otherwise made available, including but not limited to, the name of each recipient, whether indicated as to:, from:, cc: and bcc: if applicable for the entire e-mail chain of any responsive e-mails;

3

(d)     the name of any other person(s) known to have seen or have possession of

any original or copy of the document and/or electronically stored

information if not identified above;

(e)     the business affiliation and job title of every person named in (a), (b), (c)

and (d) above;

(f)     the date of the document and/or electronically stored information;

(g)     a brief description of the nature (e.g., letter, memorandum) and subject

matter of the document and/or electronically stored information; and

(h)     the basis of the privilege claim.

7.   If any document and/or electronically stored information that would have been

responsive to these Requests has been destroyed or is no longer in Defendants' possession,

custody or control, provide the following information:

(a)     the date of the document and/or electronically stored information;

(b)     the names and job titles of the author(s), creator(s), or preparer(s),

sender(s), and recipient(s) of the document and/or electronically stored

information;

(c)     the date of and the identity of the person responsible for its destruction,

loss, transfer or other act or omission by which the document and/or

electronically stored information left Defendants' possession, custody or

control; and

(d)     the circumstances surrounding the loss of the document and/or

electronically stored information or the reason for its destruction.

8.     Pursuant to Federal Rule of Civil Procedure 34(b), Plaintiff specifies that any electronically stored information be produced as a Concordance load file (.txt or .dat extension) that uses the Concordance default delimiters and yyyymmdd date format and contains the following fields:

> BEGNO Text 60
> ENDNO Text 60
> ATTACHBEGIN Text 60
> ATTACHEND Text 60
> SENTONDATE Date M
> RECEIVEDDATE Date M
> MODIFIEDDATE Date M
> CREATEDDATE Date M
> AUTHOR Paragraph 16
> TO Paragraph 16
> CC Paragraph 16
> BCC Paragraph 16
> SUBJECT Paragraph 16
> TITLE
> FULLTEXT

The Concordance load file should be (i) logically unitized (unless generated from EDD processing), (ii) produced with corresponding single page .tiff images, and (iii) produced with corresponding Opticon log file and Iprop lfp.

9.     Unless otherwise stated, these Requests seek documents and/or electronically stored information that were generated, received, came into existence and/or were utilized from January 1, 2000, to the present.

10.     These Requests should be read, interpreted and responded to in accordance with the definitions, instructions and detail required by the Federal Rules of Civil Procedure and the Local Civil Rules including the E-Discovery Amendments of December 1, 2006.

## DEFINITIONS

1.     The terms "**documents and/or electronically stored information**" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, data or data compilation stored in any medium. These terms encompass all drafts and/or non-identical copies, each of which is a separate document within the meaning of this term.  The terms mean any and all tangible things and documents, whether handwritten, printed, typed, recorded, filmed, visually reproduced, or otherwise produced or reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage devices (including all original meta-associated with each computer file and/or electronically stored document), or any other media, including, but not limited to, electronically stored information, memoranda, notes, minutes, records, e-mails and/or instant messages, communications, voicemails, photographs, correspondence, telegrams, diaries, bookkeeping entries, telephone logs, financial statements, tax returns, checks, check stubs, bank records, pay stubs, memoranda, reports, studies, charts, graphs, statements, notebooks, notes, applications, contracts, agreements, books, pamphlets, manuals, periodicals, appointment calendars, records and recordings of oral conversations, work papers, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in Defendants' possession, custody or control, or in the possession, custody or control of Defendants' present or former agents, representatives, attorneys, or any and all persons acting on their or Defendants' behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by the Defendants to exist.

6

2.       The term "**communication**" means any manner or form of information or message transmission, however produced or reproduced, whether by document as herein defined or orally or otherwise, which is made, distributed or circulated between or among persons or data storage or processing units, including but not limited to, e-mails and/or instant text messages and any and all documents containing, consisting of, relating or referring to, or recording in any way, either directly or indirectly, a "communication."  The term includes any conversation, discussion, meeting, conference or any other oral statement.

3.       The term "**person**" includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entity, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

4.       The term "**concerning**" means containing, consisting of, relating to, referring to, describing, evidencing, or constituting, in whole or in part.

5.       The term "**date**" means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

6.       The term "**Plaintiff**" means Plaintiff James Hill.

7.       The term "**Defendants**" refers to Defendants City of New York, Deputy Inspector Pegues, New York City Police Department Officers John Does 1 though 5, and Supervisory Police Officer John Doe 6, individually and in their official capacities.

8.       The term the "**City**" means the City of New York, its employees, agents, representatives and/or officials.

9.       The term "**NYPD**" refers to the New York City Police Department, its employees, agents, representatives and/or officials.

7

10.     The term "**NYPD Patrol Guide**" refers to the New York City Police Department Patrol Guide Manual.

11.     The term **"Memo Book"** refers to the NYPD activity logs (PD112-145) members of the NYPD are required to carry on them and fill out during their tours of duty.

12.     The term **"Amended Complaint"** refers to Plaintiff's Amended Complaint in this matter, filed in the United States District Court for the Eastern District of New York, on or about October 29, 2010.

13.     The term **"Answer"** means the Answer filed by Defendants in this case on or about January 21, 2011.

14.     The word **"person"** includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entity, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

15.     The term **"concerning"** means containing, consisting of, relating to, referring to, describing, evidencing or constituting, in whole or in part.

16.     The term **"date"** means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

17.     The singular includes the plural and vice versa.

18.     The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

19.     **"Any"** means "all," "each and every" as well as "any one."

20.     **"He"** shall also mean **"she"** and vice versa.

21.     **"His"** shall also mean **"hers"** and vice versa.

8

## DOCUMENT AND INFORMATION REQUESTS

1.      All documents and/or Electronically Stored Information ("ESI") identifying every patrol sector assigned to any and all NYPD officers assigned to the 67th and/or 70th Precinct who were on duty between 12 a.m. and 8 a.m. on September 5, 2010.

2.      All statements made by Plaintiff, including but not limited to the statement Plaintiff made pursuant to his interview by the NYPD and/or NYPD Internal Affairs at Kings County Hospital on September 5, 2010, as referred to in paragraph 4 of document NYC7.

3.      All photographs taken of Plaintiff by NYPD officer Adreas Sargent, Shield No. 24928, at Kings County Hospital on September 5, 2010.

4.      All documents and/or ESI identifying any person who undertook any investigation into Plaintiff's stop, detention and/or seizure, assault, arrest, and/or imprisonment on September 5, 2010.

5.      All documents and/or ESI identifying any NYPD officer who was questioned pursuant to any investigation into Plaintiff's stop, detention and/or seizure, assault, arrest, and/or imprisonment on September 5, 2010.

6.      All documents and/or ESI identifying any person with whom Captain Jeffrey Schiff spoke pursuant to his preparation of document NYC6-8, including but not limited to any notes taken by and/or at the direction of Captain Schiff, and any memos written by and/or at the direction of Captain Schiff.

7.      All documents and/or ESI relating to Captain Jeffrey Schiff's investigation into the location of Plaintiff's arrest, referred to in paragraph 3 of document NYC7 as "[a] subsequent investigation," including but not limited to any notes taken by and/or at the direction of Captain Schiff, and any memos written by and/or at the direction of Captain Schiff.

8.      All documents and/or ESI relating to Captain Jeffrey Schiff's investigation that revealed that no detail or precinct officer was issued flex cuffs, which is referred to in paragraph 4 of document NYC7 as "[t]he preliminary investigation," including but not limited to any notes taken by and/or at the direction of Captain Schiff, and any memos written by and/or at the direction of Captain Schiff.

9.      All documents and/or ESI concerning Captain Jeffrey Schiff's discussions with members of the Patrol Brooklyn South Task Force pursuant to Captain Schiff's attempt to identify NYPD officers, as described in paragraph 4 of document NYC7.

10.     All documents and/or ESI concerning Captain Jeffrey Schiff's discussions with members of the Emergency Services Unit pursuant to Captain Schiff's attempt to identify NYPD officers, as described in paragraph 4 of document NYC7.

11.     All memo book entries for September 5, 2010, of Captain Jeffrey Schiff, including the front and back of all pages.

12.     All documents and/or ESI prepared by and/or at the direction of Captain Jeffrey Schiff concerning Plaintiff, including but not limited to notes, reports, and memoranda.

13.     All memo book entries for September 5, 2010, including the front and back of all pages, of NYPD officer Drew, whose first name is unknown and whose last name is crossed-off on document NYC10, the Command Log.

14.     All documents and/or ESI prepared by and/or at the direction of NYPD officer Drew, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

15.     All memo book entries for September 5, 2010, of NYPD officer Shea Jackson, Shield No. 536, of the Narcotics Division, including the front and back of all pages.

16. All documents and/or ESI prepared by and/or at the direction of NYPD officer Shea Jackson, Shield No. 536, of the Narcotics Division, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

17. All documents and/or ESI prepared by and/or at the direction of NYPD officer Tanya Barry, Shield No. 17060, concerning Plaintiff.

18. All memo book entries for September 5, 2010, of NYPD officer Sheldon Richmond, Tax # 937373, including the front and back of all pages.

19. All documents and/or ESI prepared by and/or at the direction of NYPD officer Sheldon Richmond, Tax # 937373, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

20. All memo book entries for September 5, 2010, of NYPD officer Howard Slade, Tax # 940774, including the front and back of all pages.

21. All documents and/or ESI prepared by and/or at the direction of NYPD officer Howard Slade, Tax # 940774, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

22. All memo book entries for September 5, 2010, of Deputy Inspector Corey Pegues, including the front and back of all pages.

23. All memo book entries for September 5, 2010, of Sergeant Vasiliy Ignatov, Shield No. 917, including the front and back of all pages.

24. All documents and/or ESI prepared by and/or at the direction of Sergeant Vasiliy Ignatov, Shield No. 917, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

25.    All memo book entries for September 5, 2010, of Sergeant Kevin Donnelly, Shield No. 576, including the front and back of all pages.

26.    All documents and/or ESI prepared by and/or at the direction of Sergeant Kevin Donnelly, Shield No. 576, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

27.    All memo book entries for September 5, 2010, of Lieutenant Mauvin Bute, 70th Precinct, including the front and back of all pages.

28.    All documents and/or ESI prepared by and/or at the direction of Lieutenant Mauvin Bute, 70th Precinct, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

29.    All memo book entries for September 5, 2010, of NYPD officer Travis Alexander, Shield No. 20494, including the front and back of all pages.

30.    All documents and/or ESI prepared by and/or at the direction of NYPD officer Travis Alexander, Shield No. 20494, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

31.    All memo book entries for September 5, 2010, of Lieutenant Justin Bracco, Tax # 918774, including the front and back of all pages.

32.    All documents and/or ESI prepared by and/or at the direction of Lieutenant Justin Bracco, Tax # 918774, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

33.    All memo book entries for September 5, 2010, of NYPD officer Christian Addison, Tax # 924841, including the front and back of all pages.

34.     All documents and/or ESI prepared by and/or at the direction of NYPD officer Christian Addison, Tax # 924841, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

35.     All memo book entries for September 5, 2010, of Captain Frias, Executive Officer, 67th Precinct, including the front and back of all pages.

36.     All documents and/or ESI prepared by and/or at the direction of Captain Frias, Executive Officer, 67th Precinct, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

37.     All memo book entries for September 5, 2010, of Captain Giovanelli, Executive Officer, 70th Precinct, including the front and back of all pages.

38.     All documents and/or ESI prepared by and/or at the direction of Captain Giovanelli, Executive Officer, 70th Precinct, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

39.     All memo book entries for September 5, 2010, of Lieutenant La Marche, Platoon Commander, 67th Precinct, IRT, including the front and back of all pages.

40.     All documents and/or ESI prepared by and/or at the direction of Lieutenant La Marche, Platoon Commander, 67th Precinct, IRT, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

41.     All memo book entries for September 5, 2010, of Lieutenant Sarrubbo, ICO, 67th Precinct, including the front and back of all pages.

42.     All documents and/or ESI prepared by and/or at the direction of Lieutenant Sarrubbo, ICO, 67th Precinct, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

43.     All memo book entries for September 5, 2010, of Lieutenant Ortlieb, SOL, 67th Precinct, including the front and back of all pages.

44.     All documents and/or ESI prepared by and/or at the direction of Lieutenant Ortlieb, SOL, 67th Precinct, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

45.     All memo book entries for September 5, 2010, of Sergeant Addison, Jump-Up detail of the 67th Precinct, IRT, including the front and back of all pages.

46.     All documents and/or ESI prepared by and/or at the direction of Sergeant Addison, Jump-Up detail of the 67th Precinct, IRT, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

47.     All memo book entries for September 5, 2010, of Sergeant Smith, Jump-Up detail, 67th Precinct, including the front and back of all pages.

48.     All documents and/or ESI prepared by and/or at the direction of Sergeant Smith, Jump-Up detail, 67th Precinct, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

49.     All memo book entries for September 5, 2010, of Sergeant Lane, Community Affairs, 70th Precinct, including the front and back of all pages.

50.     All documents and/or ESI prepared by and/or at the direction of Sergeant Lane, Community Affairs, 70th Precinct, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

51.     All documents and/or ESI prepared by and/or at the direction of the Community Affairs officer(s) of the 67th Precinct, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

52.     All memo book entries for September 5, 2010, for NYPD officer Jarrett Dill, Shield No. 17550, including the front and back of all pages.

53.     All documents and/or ESI prepared by and/or at the direction of NYPD officer Jarrett Dill, Shield No. 17550, concerning Plaintiff, including but not limited to notes, reports, and memoranda.

54.     All documents and/or ESI concerning any injury NYPD officer Jarrett Dill suffered on September 5, 2010, including but not limited to notes, reports, and memoranda.

55.     All documents and/or ESI concerning NYPD officer Jarrett Dill being struck by an object on September 5, 2010, including but not limited to notes, reports, and memoranda.

56.     All documents and/or ESI detailing the location of "70th precinct Jump-Up RMP # 2798 assigned to Police Officer Sheldon Richmond, Tax # 937373, and Police Officer Howard Slade, Tax # 940774," as described in paragraph 3 of NYC7, between 2 a.m. and 4 a.m. on September 5, 2010.

57.     All police materials which are in Defendant City of New York's and/or the NYPD's possession relating to NYPD "Jump Up Details," including but not limited to reports, guidelines, policy statements, procedures, training materials, in any form and of any type, concerning NYPD policy, custom and/or practice regarding the Jump Up Details.

58.     All video surveillance showing the front desk and/or any areas near the front desk of the 67th Precinct between the hours of 12:00 a.m. and 8:00 a.m. on September 5, 2010.

59.     All reports to the Commissioner of the NYPD, Raymond W. Kelly, concerning Plaintiff.

60.    All documents and/or ESI concerning Defendants' Eleventh Affirmative Defense

that "Plaintiff provoked any incident."

Dated: New York, New York
      March 25, 2011

**THOMPSON WIGDOR & GILLY LLP**

By: _____

      Kenneth P. Thompson
      Raymond Audain

85 Fifth Avenue, 5th Floor
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845

*COUNSEL FOR PLAINTIFF JAMES HILL*

16

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

JAMES HILL,                                                     :
                                                               :
                              Plaintiff,                        :
                                                               :
              -against-                                         :
                                                               :          10 Civ. 4981 (ARR) (JMA)
THE CITY OF NEW YORK, DEPUTY INSPECTOR         :
COREY PEGUES, NEW YORK CITY POLICE             :
OFFICERS JOHN DOES 1 through 5, and                 :
SUPERVISORY POLICE OFFICER JOHN DOE 6,    :
Individually and in their Official Capacities,              :
                                                               :
                              Defendants.                       :
                                                               :
-------------------------------------------------------------------- X

## PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the Eastern District of New York ("Local Civil Rules"),

Plaintiff James Hill ("Plaintiff") hereby requests that Defendants the City of New York, Deputy

Inspector Corey Pegues, New York City Police Officers John Does 1 through 5, and Supervisory

Police Officer John Doe 6 (all together, "Defendants"), produce copies of any and all documents

in their possession, custody or control as requested herein to the offices of Thompson Wigdor &

Gilly LLP, 85 Fifth Avenue, 5th Floor, New York, New York 10003.  Defendants' responses to

Plaintiff's Third Request for Production of Documents and Electronically Stored Information

("Requests") are due within thirty (30) days of the service of these Requests upon Defendants.

These Requests should be read, interpreted and responded to in accordance with the instructions

and definitions set forth below as well as the Federal Rules of Civil Procedure and the Local

Civil Rules.

## INSTRUCTIONS

1.   The Uniform Definitions in Discovery Requests as set forth in Local Civil Rule 26.3 are incorporated by reference herein.

2.   The rules and instructions concerning assertions of claims of privilege as set forth in Local Rule 26.2 are incorporated by reference herein.

3.   The following Requests constitute a continuing demand for production to the fullest extent permitted by law.  Accordingly, if at some point after the service of these Requests, Defendants or anyone acting on their behalf obtain or become aware of additional documents and/or electronically stored information pertaining to any of the Requests herein, or a document and/or electronically stored information is located or is created which is responsive to one of the Requests herein, these Requests are to be interpreted as requiring production of that document and/or electronically stored information and Defendants are required to provide such documents and/or electronically stored information by way of supplemental responses.  Such supplemental responses are to be served upon Plaintiff within twenty (20) days after Defendants become aware of such documents and/or electronically stored information.

4.   In responding to these Requests, Defendants must furnish all documents and/or electronically stored information which are available, including documents and/or electronically stored information in the possession, custody or control of Defendants' attorneys or investigators or anyone else acting for or on behalf of Defendants, and not merely those documents and/or electronically stored information held by Defendants.  If Defendants are unaware of the existence of any documents and/or electronically stored information responsive to a request, Defendants should expressly so indicate, answer to the extent possible and identify any person(s) who may have additional knowledge or information to complete the response.

5.   If Defendants have in their possession, custody or control any of the originals of the

documents requested, then the originals and all non-identical copies should be produced; if
Defendants do not have in their possession, custody or control any of the originals, all non-
identical copies of each original should be produced.

6.   If any documents and/or electronically stored information are withheld on grounds of
privilege, or contain material that is claimed to constitute attorney work product or attorney-
client privileged information, Defendants should provide a statement signed and verified by
Defendants' attorneys which sets forth as to each such document and/or electronically stored
information a sufficient description to enable the Court to rule on the validity of the claim of
privilege, including at least the following information:

    (a)    the name and address of the person(s) who possess or control the
document and/or electronically stored information and each copy of
thereof;

    (b)    the name of the author or creator of the document and/or electronically
stored information;

    (c)    the name of the sender of the document and/or electronically stored
information if different from the author, preparer or creator and the name
of the person(s) to whom copies were sent or otherwise made available,
including but not limited to, the name of each recipient, whether indicated
as to:, from:, cc: and bcc: if applicable for the entire e-mail chain of any
responsive e-mails;

    (d)    the name of any other person(s) known to have seen or have possession of
any original or copy of the document and/or electronically stored
information if not identified above;

3

(e)     the business affiliation and job title of every person named in (a), (b), (c) and (d) above;

(f)     the date of the document and/or electronically stored information;

(g)     a brief description of the nature (e.g., letter, memorandum) and subject matter of the document and/or electronically stored information; and

(h)     the basis of the privilege claim.

7.  If any document and/or electronically stored information that would have been responsive to these Requests has been destroyed or is no longer in Defendants' possession, custody or control, provide the following information:

(a)     the date of the document and/or electronically stored information;

(b)     the names and job titles of the author(s), creator(s), or preparer(s), sender(s), and recipient(s) of the document and/or electronically stored information;

(c)     the date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document and/or electronically stored information left Defendants' possession, custody or control; and

(d)     the circumstances surrounding the loss of the document and/or electronically stored information or the reason for its destruction.

8.     Pursuant to Federal Rule of Civil Procedure 34(b), Plaintiff specifies that any electronically stored information be produced as a Concordance load file (.txt or .dat extension) that uses the Concordance default delimiters and yyyymmdd date format and contains the following fields:

BEGNO Text 60
ENDNO Text 60

4

ATTACHBEGIN Text 60
ATTACHEND Text 60
SENTONDATE Date M
RECEIVEDDATE Date M
MODIFIEDDATE Date M
CREATEDDATE Date M
AUTHOR Paragraph 16
TO Paragraph 16
CC Paragraph 16
BCC Paragraph 16
SUBJECT Paragraph 16
TITLE
FULLTEXT

The Concordance load file should be (i) logically unitized (unless generated from EDD processing), (ii) produced with corresponding single page .tiff images, and (iii) produced with corresponding Opticon log file and Iprop lfp.

9.      Unless otherwise stated, these Requests seek documents and/or electronically stored information that were generated, received, came into existence and/or were utilized from January 1, 2000, to the present.

10.     These Requests should be read, interpreted and responded to in accordance with the definitions, instructions and detail required by the Federal Rules of Civil Procedure and the Local Civil Rules including the E-Discovery Amendments of December 1, 2006.

## DEFINITIONS

1.   The terms "**documents and/or electronically stored information**" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, data or data compilation stored in any medium. These terms encompass all drafts and/or non-identical copies, each of which is a separate document within the meaning of this term.  The terms mean any and all tangible things and documents, whether handwritten, printed, typed, recorded, filmed, visually reproduced, or otherwise produced or reproduced, on paper, cards, tapes, film, electronic facsimile, computer

storage devices (including all original meta-associated with each computer file and/or electronically stored document), or any other media, including, but not limited to, electronically stored information, memoranda, notes, minutes, records, e-mails and/or instant messages, communications, voicemails, photographs, correspondence, telegrams, diaries, bookkeeping entries, telephone logs, financial statements, tax returns, checks, check stubs, bank records, pay stubs, memoranda, reports, studies, charts, graphs, statements, notebooks, notes, applications, contracts, agreements, books, pamphlets, manuals, periodicals, appointment calendars, records and recordings of oral conversations, work papers, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in Defendants' possession, custody or control, or in the possession, custody or control of Defendants' present or former agents, representatives, attorneys, or any and all persons acting on their or Defendants' behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by the Defendants to exist.

2.   The term "**communication**" means any manner or form of information or message transmission, however produced or reproduced, whether by document as herein defined or orally or otherwise, which is made, distributed or circulated between or among persons or data storage or processing units, including but not limited to, e-mails and/or instant text messages and any and all documents containing, consisting of, relating or referring to, or recording in any way, either directly or indirectly, a "communication." The term includes any conversation, discussion, meeting, conference or any other oral statement.

3.   The term **"person"** includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or

business entity, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

4.   The term **"concerning"** means containing, consisting of, relating to, referring to, describing, evidencing, or constituting, in whole or in part.

5.   The term **"date"** means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

6.      The term **"Plaintiff"** means Plaintiff James Hill.

7.      The term **"Defendants"** refers to Defendants City of New York, Deputy Inspector Pegues, New York City Police Department Officers John Does 1 though 5, and Supervisory Police Officer John Doe 6, individually and in their official capacities.

8.   The term the "**City**" means the City of New York, its employees, agents, representatives and/or officials.

9.      The term **"NYPD"** refers to the New York City Police Department, its employees, agents, representatives and/or officials.

10.      The term "**NYPD Patrol Guide**" refers to the New York City Police Department Patrol Guide Manual.

11.      The term **"Memo Book"** refers to the NYPD activity logs (PD112-145) members of the NYPD are required to carry on them and fill out during their tours of duty.

12.   The term **"Amended Complaint"** refers to Plaintiff's Amended Complaint in this matter, filed in the United States District Court for the Eastern District of New York, on or about October 29, 2010.

13.   The term **"Answer"** means the Answer filed by Defendants in this case on or about January 21, 2011.

14. The singular includes the plural and vice versa.

15. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

16. "**Any**" means "all," "each and every" as well as "any one."

17. "**He**" shall also mean "**she**" and vice versa.

18. "**His**" shall also mean "**hers**" and vice versa.

## DOCUMENT AND INFORMATION REQUESTS

1.    All documents and/or Electronically Stored Information ("ESI") showing the names of every one of the members of the NYPD who responded to the 10-13 broadcasted over division and city-wide radio frequencies requesting immediate assistance to 426 East 26th Street on September 5, 2010.

2.    Produce all reports prepared by Captain J.D. Schiff and/or any other member of the NYPD about the 10-13 at 426 East 26th Street on September 5, 2010.

3.    Produce an unredacted version of Captain J.D. Schiff's memorandum and/or report to the Chief of the Department, dated September 5, 2010, (hereinafter, "Captain Schiff's Memo" or "September 5, 2010, memo").

4.    Produce every document upon which Captain J.D. Schiff relied or claims to have relied to prepare the September 5, 2010, memo.

5.    All memo book entries for September 5, 2010, of the Black female member of the NYPD who went into Plaintiff's room at Kings County Hospital on September 5, 2010.

8

6.     All documents and/or ESI concerning Plaintiff prepared by and/or at the direction of the Black female member of the NYPD who went into Plaintiff's room at Kings County Hospital on September 5, 2010, including but not limited to notes, reports, and memoranda.

Dated: New York, New York                THOMPSON WIGDOR & GILLY LLP
      March 28, 2011

                                           By: _____
                                                 Kenneth P. Thompson
                                                 Raymond Audain

                                         85 Fifth Avenue, 5th Floor
                                         New York, NY 10003
                                         Telephone:  (212) 257-6800
                                         Facsimile:  (212) 257-6845

                                         *COUNSEL FOR PLAINTIFF JAMES HILL*