

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Kenneth P. Thompson**
kthompson@twglaw.com

May 16, 2011

**VIA ECF**

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *James Hill v. City of New York, et al., 10 Civ. 4981 (ARR)(JMA)*

Dear Judge Azrack:

As Your Honor is aware, we represent Plaintiff James Hill in the above referenced matter. We write to respectfully request that the Court compel non-party Arthur Wiener, CEO of 425 East 26th Street Owners Corp., to comply with a *subpoena duces tecum* duly served by Plaintiff pursuant to Rule 45 of the Federal Rules of Civil Procedure.

On the morning of September 5, 2010, Plaintiff was stopped without reasonable suspicion, assaulted, and falsely arrested and imprisoned by numerous New York City Police Department officers on or near the corner of East 26th Street and Newkirk Avenue in Brooklyn. Upon information and belief, a building managed by 425 East 26th Street Owners Corp. has affixed to it a security camera positioned to surveil the vicinity of East 26th Street and Newkirk Avenue. Therefore, on March 30, 2011, Plaintiff served a subpoena upon Mr. Wiener seeking "All video and surveillance recordings from any camera affixed to 425 East 26th Street, Brooklyn, NY 11226, that depicts the vicinity of East 26th Street and Newkirk Avenue between the hours of 1 a.m. and 4 a.m. on September 5, 2010." (See Ex. A.) The deadline for compliance with the Subpoena – April 13, 2011 – was reasonable. However, to date, Mr. Wiener has neither denied the existence of responsive video and surveillance recordings, produced responsive recordings, nor objected to the Subpoena. Instead, he has completely ignored the Subpoena.

Plaintiff has made numerous attempts to secure compliance with the Subpoena, including calling Mr. Wiener several times, and writing to him on April 19, 2011, to advise him that if he did not respond to the Subpoena by April 25, 2011, Plaintiff would have no choice but to move to compel compliance. (See Ex. B.) Those telephone calls and the April 19 Letter were, like the Subpoena, completely ignored.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Joan M. Azrack
May 16, 2011
Page 2 of 3

"Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. Absent an improperly issued subpoena or an adequate excuse by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena is issued." Beare v. Millington, No. 07 Civ. 3391, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010); see also Orbit One Communications, Inc. v. Numerex Corp., 255 F.R.D. 98, 108 (S.D.N.Y. 2008) ("Unless it offers an adequate excuse, a party or non-party must obey a valid subpoena."). Furthermore, since a party may obtain discovery regarding "*any* matter, not privileged, that is relevant to the claim or defense," the person or entity from whom discovery is sought bears the burden of persuading the Court that the discovery is improper. In re Subpoena Issued to Dennis Friedman, Esq., 350 F.3d 65, 69 (2d Cir. 2003) (emphasis in original) (quoting Fed. R. Civ. P. 26(b)(1)). Mr. Wiener does not seek to meet the high standard necessary to avoid compliance with the Subpoena, nor could he meet that standard.

The Subpoena clearly seeks relevant information regarding Plaintiff's illegal stop, assault, arrest, and false imprisonment. The Subpoena is also narrowly tailored to target a limited category of relevant information that may be in the possession of Mr. Wiener and 425 East 26th Street Owners Corp. Thus, the evidence Plaintiff seeks is clearly relevant to the claims and defenses at bar and is subject to discovery and production.

Furthermore, the Subpoena presents no undue burden. Whether a subpoena imposes an undue burden depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. Concord Boat Corp. v. Brunswick Corp, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). The party seeking to avoid compliance with a subpoena "cannot merely assert that compliance would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." Kirschner v. Klemons, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). Indeed, it is "exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of [discovery]." Am. High-Income Trust v. Allied Signal Inc., No. 02 Civ. 2506, 2006 WL 3545432, at *2 (S.D.N.Y. Dec. 8, 2006).

The Subpoena sets forth a narrowly tailored request for video surveillance recordings from a fixed location over three hours. This amounts to a narrow request that bears directly on the events at the heart of this litigation, and cannot reasonably be deemed an "undue burden." Cf. MacNamara v. City of New York, No. 04 Civ. 9612, 2006 WL 3298911, at *16 (S.D.N.Y. Nov. 13, 2006) ("Given the fact that the subpoena requests a narrow set of specific relevant documents, generated over a seven-day period, and for which [the subpoenaed party] appears to

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Joan M. Azrack
May 16, 2011
Page 3 of 3

be the only available source, compliance with the subpoena would not constitute an undue burden.")  Therefore, the Subpoena imposes no undue burden on Mr. Wiener and compliance should be required.  See Orbit One Communications, 255 F.R.D. at 108 (where subpoena imposes no undue burden on the subpoenaed party, compliance should be required).

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that the Court issue an order directing Arthur Wiener, CEO of 425 East 26th Street Owners Corp., to comply with the March 28, 2011, Subpoena.

Sincerely,

Kenneth P. Thompson

Encl.

Cc: Qiana Smith-Williams, Esq. (via ECF)