UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMES HILL,

         Plaintiff,

   -against-

THE CITY OF NEW YORK, DEPUTY INSPECTOR
COREY PEGUES, NEW YORK CITY POLICE
OFFICERS JOHN DOES 1 through 5, and
SUPERVISORY POLICE OFFICER JOHN DOE 6,
Individually and in their Official Capacities,

         Defendants.

------------------------------------------------------------X

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

10 CV 4981 (ARR)(JMA)

   **WHEREAS,** plaintiff commenced this action on or about October 28, 2010, by filing a complaint alleging, *inter alia*, violations of his state law rights and civil rights pursuant to 42 USC § 1983; and

   **WHEREAS,** plaintiff filed an amended complaint on or about October 29, 2010; and

   **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

   **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

   **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.   The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.   Defendant City of New York hereby agrees to pay plaintiff JAMES HILL the sum of Four Hundred Fifty Thousand Dollars ($450,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against defendants City of New York and Corey Pegues, and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees. The check shall be made payable as follows: Thompson Wigdor LLP, as attorneys for James Hill.

3.   Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs

are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

    4.    Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

    5.    Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

    6.    Plaintiff agrees to hold harmless the City of New York and all defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       December 5, 2011

THOMPSON WIGDOR LLP
Attorneys for Plaintiff
85 Fifth Avenue, 5th Floor
New York, New York 10003
(212) 257-6800

By: _____
    Kenneth Thompson, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-1580

By: _____
    Qiana Smith-Williams
    Senior Corporation Counsel

SO ORDERED: /s/(ARR)

_____
ALLYNE R. ROSS, U.S.D.J.